UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GINA JONES,**

    **Plaintiff,**

v.                                            Case No.:

**PRO SOURCE SERVICES, INC.,** a
Florida corporation; **STUART COOPER,** an
Individual; and **SMART CIRCLE
INTERNATIONAL LLC,** a foreign limited
liability company,

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GINA JONES, hereby sue Defendants, PRO SOURCE SERVICES, INC., a Florida corporation ("PSSI"); STUART COOPER, an Individual ("Cooper"), SMART CIRCLE INTERNATIONAL LLC., a Foreign Limited Liability Company, ("SCI") (collectively "Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for back-pay and liquidated damages arising under Article X, Section 24 of the Florida Constitution ("Section 24") and the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et. seq.

2.    Jurisdiction is grounded under 28 U.S.C. §§ 1331 and 1367.

### PARTIES

3.    Defendant PSSI is a Florida Corporation located in and doing business in

-1-

Tampa Bay. Defendant Cooper is the sole shareholder/owner of PSSI and was Plaintiff's supervisor and an employer at all times material.  Defendant SCI is a foreign limited liability company.

4. At all times relevant to this action, Defendants were Employers as defined by the FLSA and Section 24 of the Florida Constitution.

5. Plaintiff was a resident of Pinellas County, Florida at all times material to this action.

## CONDITIONS PRECEDENT

6. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, or such conditions precedent have been satisfied, waived and/or are not enforceable.

## FACTUAL ALLEGATIONS

7. Plaintiff commenced employment with PSSI and Cooper in October 2012.

8. Defendant PSSI is a corporate entity which is controlled and owned by Cooper.  Defendant PSSI was formed when SCI awarded Cooper a territory in the Tampa Bay market. All Defendants are engaged in interstate commerce and use telephone and internet facilities which constitute interstate commerce.

9. Defendant PSSI hired employees to work within Home Depot stores to speak with Home Depot customers and to encourage such customers to set in-home appointments in which contractors would have an opportunity to sell home improvements to such customers.

10. In her initial position, Plaintiff was paid by PSSI on a piecemeal rate multiplied by how many appointments she sold to Home Depot customers or the statutory minimum

wage, whichever was greater.

11. Later on, Defendants PSSI and Cooper induced Plaintiff to accept a position in which she would be groomed to take over a territory of her own. During this period of several months, Plaintiff was asked to train in-store marketing employees but was not paid as a management or administrative employee. Not only that, Plaintiff was not paid any wage at all. Plaintiff's only compensation during this "grooming" period was if she went to stores and sold appointments.

12. Defendant SCI exercises substantial control over the creation and assets of the marketing corporations set up by individuals such as Cooper and is an employer of both Cooper and Cooper's sub-agents. SCI has the power to award and end or reassign marketing territories.

13. Plaintiff worked overtime both in her initial and subsequent position for which she was never compensated.

14. Plaintiff worked overtime while she was being "groomed" but was not even paid minimum wage by Cooper and PSSI.

15. Defendant SCI is aware that the corporate entities created upon the award of territories are grossly undercapitalized and are mere shell entities to process payments from SCI to individuals such as Cooper.

## **PLAINTIFFS' CLAIMS FOR RELIEF**

## **COUNT I - UNPAID MINIMUM WAGE**

16. Plaintiffs incorporate paragraphs 1 through 15 as if fully stated herein.

17. Defendants failed to pay the required statutory minimum wage to Plaintiff for

a number of hours and weeks in 2012 and 2013.

18. Both the FLSA and Section 24 require payment of minimum wage to be paid for each hour worked.

19. Plaintiff is entitled to actual and a mandatory award of liquidated damages.

WHEREFORE, Plaintiffs request this Honorable Court to:

    A. Grant a judgment requiring Defendant to pay to Plaintiff back wages and liquidated damages;

    B. Grant Plaintiffs costs and an award of reasonable attorney's fees pursuant to Section 24 and the FLSA; and

    C. Grant Plaintiffs trial by jury and such further relief as the Court deems just and equitable.

## COUNT II

## FLSA - UNPAID OVERTIME

20. Plaintiffs incorporate paragraphs 1 through 15 as if fully stated herein.

21. Defendants failed to pay the statutorily required overtime wage to Plaintiff for a number of hours in 2012 and 2013.

22. Plaintiff is entitled to actual and a mandatory award of liquidated damages.

WHEREFORE, Plaintiffs request this Honorable Court to:

    A. Grant a judgment requiring Defendant to pay to Plaintiff back wages and liquidated damages;

    B. Grant Plaintiffs costs and an award of reasonable attorney's fees pursuant to the FLSA; and

    C. Grant Plaintiffs trial by jury and such further relief as the Court deems

just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury as to all claims so triable.

Respectfully submitted,

 /s Craig L. Berman
Craig L. Berman, Esquire
BERMAN LAW FIRM, P.A.
Fla. Bar No. 068977
111 Second Ave. N.E.; Suite 706
St. Petersburg, FL 33701
Phone: (727) 550-8989
Fax: (727) 894-6251
cberman@tampabay.rr.com

**TRIAL COUNSEL FOR PLAINTIFF**