**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GINA JONES,**

      **Plaintiff,**

**v.**                                            **Case No.  8:13-cv-1311-T-30EAJ**

**PRO SOURCE SERVICES, INC., et al.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Joint Motion to Compel Arbitration and Motion to Dismiss Plaintiff's Complaint Or, Alternatively, Motion to Stay Proceedings (Dkt. 4), Defendants' Memorandum of Law in Support of Their Joint Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' Complaint Or, Alternatively, Motion to Stay Proceedings (Dkt. 5), Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel Arbitration and Stay the Instant Proceedings (Dkt. 11), and Defendants' Joint Reply to Their Motion to Compel Arbitration and Motion to Dismiss Plaintiff's Complaint Or, Alternatively, Motion to Stay Proceedings (Dkt. 14).  The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes the motion to compel arbitration and the motion to dismiss should be granted.

## BACKGROUND

Plaintiff Gina Jones brings this lawsuit against Defendants Pro Source Services, Inc., Stuart Cooper, and Smart Circle International, LLC, for back pay and liquidated damages arising under the Florida Constitution and the Fair Labor Standards Act of 1983 ("FLSA"). Jones alleges that Defendants failed to pay her the required minimum wage and statutorily owed overtime wages.

Defendants moved to compel arbitration in accordance with the Mandatory Arbitration of All Claims Policy ("Arbitration Agreement") that Jones signed on October 30, 2012. The Arbitration Agreement states in pertinent part that:

> Employer and Employee agree that all claims, disputes, controversies, or disagreements of any kind whatsoever arising out of Employee's employment with Employer, and which may have occurred prior to or after entering into this arbitration agreement (other than claims Employee may have for workers' compensation, unemployment insurance benefits, or claims which by statute are not arbitrable), shall be submitted to binding arbitration. Employer and Employee agree that the requirement to arbitrate shall also apply to any claim that may arise out of or relate to Employee's employment and which Employee may assert against Employer's employees, officers, directors, agents, suppliers or service providers, in their capacity as such, whether an individual or entity.

Dkt. 5-1 at 5. Thus, all claims, including FLSA claims, are subject to the Arbitration Agreement.

The arbitration agreement also includes the following controlling law provision:

> Employer and Employee agree that all claims shall be submitted to final and binding arbitration, by a single arbitrator, in the county and state of the nearest office of the American Arbitration Association ("AAA") where the Employee worked for Employer, according to the provisions of the Employment Arbitration Rules then in effect AAA and the substantive law of the Federal Arbitration Act ("FAA"). In the event of any inconsistency between the FAA

and the Employment Arbitration Rules of the AAA, the FAA will prevail. The Employment Arbitration Rules of the AAA are attached herein as Exhibit A.

Dkt. 5-1 at 5. Lastly, under the Arbitration Agreement, "each party will [] bear his/her/its own expenses, such as attorney's fees, if any" in the arbitration process. Dkt. 5-1 at 5.

Defendants contend that the Arbitration Agreement is a valid and binding instrument covering Jones' claims in this action. They seek an order from this Court compelling her to submit these claims to arbitration and dismissing her case or, in the alternative, to stay the proceedings pending arbitration. Jones objects to such relief on the ground that the Arbitration Agreement is unenforceable because its attorney's fee provision is an impermissible contractual waiver of the statutory right to attorney's fees under the Florida Constitution and FLSA. Defendants respond that under the AAA's Employment Arbitration Rules, which they attached to their memorandum in support of their motion, the arbitrator has the authority to grant an award of attorney's fees and costs to the prevailing party.[1] As such, they argue that the AAA provides for a fee-shifting award that does not infringe Jones' statutory rights, if she is the prevailing party.

## DISCUSSION

The parties dispute whether the attorney's fees provision of the Arbitration Agreement impermissibly abridges Jones' statutory rights. But that is not the dispositive issue. Rather,

---

[1]"The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Rules 43, 44, and 45 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA, subject to the provisions contained in the Costs of Arbitration section." Rule 39(d). *See* Dkt. 5-2 at 18.

the threshold question is whether the Court or the arbitrator should resolve the plaintiff's objections to the validity of the Arbitration Agreement. The Court finds that the parties contracted for the arbitrator to decide disputes of validity.

Generally, when a party challenges the validity of an arbitration clause on the basis that it contains unenforceable remedial restrictions, the court must first determine whether those restrictions are, in fact, unenforceable because of a federal statute or applicable state contract law. *Terminix Int'l Co., LP v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327, 1331 (11th Cir. 2005). If some of its provisions are unenforceable, then the court must determine whether those provisions are severable. *Id.* A challenge based on whether the agreement illegally deprives a party of a statutory remedy or right ultimately goes to the validity of the parties' agreement to arbitrate. *Id.*

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 649 (1986). This includes the preliminary issue of whether the parties agreed to arbitrate the question of arbitrability. *Id.*; *accord First Options, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Otherwise, "the arbitrator would lack authority to invalidate the very contract from which he derives his authority to begin with." *Terminix*, 432 F.3d at 1332.

The Eleventh Circuit has squarely answered this issue in *Terminix International Co., LP v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327 (2005). That arbitration agreement, like the one at issue here, included reference to the AAA's Rules. The Court avoided ruling

on the validity of the challenged remedial restrictions and severability.  Instead, the Eleventh

Circuit explained:

> [T]he parties have agreed that the arbitrator will answer this question by providing (in all three of the arbitration clauses at issue) that "arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association" (AAA).  AAA Rule 8(a), in turn, provides that "the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."  By incorporating the AAA Rules, including Rule 8, into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid.

*Id.* at 1332 (internal citations omitted).  The Eleventh Circuit concluded it would not decide

the validity of the remedial restrictions because the parties had contracted around the default

rule.  *Id.* at 1333.

As noted above, Defendants filed a copy of the AAA Employment Arbitration Rules

and Mediation Procedures that were incorporated into the Arbitration Agreement through the

controlling law provision.  Rule 6(a) of those rules reads as follows: "The arbitrator shall

have the power to rule on his or her own jurisdiction, including any objections with respect

to the existence, scope or validity of the arbitration agreement."  Dkt. 5-2 at 2.  This mirrors

the language in Rule 8(a) of the AAA Commercial Arbitration Rules.  The Eleventh Circuit

conclusively held such incorporation is clear and unmistakable evidence that the parties

contracted to have the arbitrator decide an issue of the arbitration agreement's validity.

Accordingly, the Court grants Defendants' motion to compel arbitration and stays this

case until further order by the Court.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants' Joint Motion to Compel Arbitration and Motion to Dismiss Plaintiff's Complaint Or, Alternatively, Motion to Stay Proceedings (Dkt. 4) is GRANTED.

2.      This case is STAYED until further order by the Court.

3.      Plaintiff Jones is directed to submit this action to arbitration in accordance with the Arbitration Agreement.

4.      The parties shall notify the Court within thirty (30) days of completion of arbitration.

3.      The Clerk is directed to administratively close this case and deny all pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-1311.ordercompelarbitration.frm